FILED

2019 Aug-30  PM 03:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **TIM AND DAPHNE TERRY,** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **NEWREZ, LLC, D/B/A** | )    **Civil Action No. 5:19-cv-1246-LCB** |
| **SHELLPOINT MORTGAGE** | ) |
| **SERVICING, AND RUBIN LUBLIN,** | ) |
| **LLC,** | ) |
| | ) |
| **Defendants** | ) |

## SHELLPOINT MORTGAGE SERVICING'S ANSWER

**COMES NOW** Counter-Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), by and through its undersigned counsel, and hereby files its Answer to Plaintiffs Tim and Daphne Terry's ("Plaintiffs") Complaint.  For its response to the specifically enumerated paragraphs of the Plaintiffs' Complaint, Shellpoint states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Shellpoint lacks sufficient information to admit or deny the allegations in paragraph 1.

2.     Shellpoint admits that it is a limited liability company with its principal place of business in Pennsylvania.

3.      The allegations of paragraph 3 are not directed at Shellpoint and, accordingly, no response is required.

4.      Shellpoint does not contest that jurisdiction is proper in this Court.

5.      Shellpoint does not contest that this Court has personal jurisdiction over Shellpoint for purposes of this lawsuit.

6.      Shellpoint does not contest that venue is proper in this Court.

## FACTUAL ALLEGATIONS

7.      The allegations of paragraph 7 constitute legal conclusions to which no response is required.  To the extent a response is required, Shellpoint denies the allegations of paragraph 7 and demands strict proof thereof.

8.      Shellpoint admits that it services mortgage loans, but denies that Plaintiffs' characterization of its operations in paragraph 8 is complete or accurate.

9.      Shellpoint admits generally that it obtains servicing rights to loans that are in default at the time of transfer, but denies Plaintiffs' characterization thereof in paragraph 9.

10.     The allegations of paragraph 10 constitute legal conclusions to which no response is required.  To the extent a response is required, Shellpoint denies the allegations of paragraph 10 and demands strict proof thereof.

11.     The allegations of paragraph 11 are not directed at Shellpoint and, accordingly, no response is required.

12.    The allegations of paragraph 12 are not directed at Shellpoint and, accordingly, no response is required.

13.    The allegations of paragraph 13 are not directed at Shellpoint and, accordingly, no response is required.

14.    Admitted.

15.    Shellpoint admits that Plaintiffs obtained a mortgage loan from ABN AMRO Mortgage Group, Inc. in connection with their purchase of the property located at 532 County Road 796, Cullman, Alabama.

16.    Shellpoint admits that Plaintiffs filed a bankruptcy case in the Northern District of Alabama designated as Case No. 13-80901.  The documents filed in said bankruptcy case speak for themselves.

17.    Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.

18.    Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.

19.    Admitted.

20.    Admitted.

21.    Admitted.

22.    Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.

23.     Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.

24.     Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.

25.     Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.

26.     Shellpoint admits that it received certain payments for Plaintiffs' loan between October and December 2017, but denies that the payments were sufficient to bring the loan current.  Shellpoint denies the remaining allegations of paragraph 26 and demands strict proof thereof.

27.     Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.  Shellpoint lacks sufficient information to admit or deny the remaining allegations of paragraph 27.

28.     Shellpoint states that bankruptcy court's order in Plaintiffs' bankruptcy case speaks for itself.

29.     Shellpoint denies the allegations of paragraph 29 and demands strict proof thereof.

30.     Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.

31.    Shellpoint states that bankruptcy court's order in Plaintiffs' bankruptcy case speaks for itself.

32.    Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.

33.    Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.

34.    Shellpoint states that documents filed in Plaintiffs' bankruptcy case speak for themselves.

35.    Shellpoint admits that it returned payments to Plaintiffs in March and April 2018, due to their default on the mortgage loan and consistent with the provisions of the mortgage.   Shellpoint further states that the correspondence referenced in paragraph 35 speaks for itself.   Shellpoint denies the remaining allegations of paragraph 35 and demands strict proof thereof.

36.    Shellpoint admits that it received a telephone call from the Plaintiffs' bankruptcy attorney on or about May 10, 2018.   Shellpoint lacks sufficient information to admit or deny the remaining allegations of paragraph 36, and accordingly denies said allegations and demands strict proof thereof.

37.    Shellpoint states that the correspondence referenced in paragraph 37 is a written document that speaks for itself.

38.     Shellpoint states that the correspondence referenced in paragraph 38 is a written document that speaks for itself.

39.     Shellpoint denies the allegations of paragraph 39 and demands strict proof thereof.

40.     Shellpoint states that the correspondence referenced in paragraph 40 is a written document that speaks for itself.

41.     Shellpoint states that the correspondence referenced in paragraph 41 is a written document that speaks for itself.

42.     The allegations of paragraph 42 are not directed at Shellpoint and, accordingly, no response is required.   To the extent a response is required, Shellpoint lacks sufficient information to admit or deny the allegations of paragraph 42 and therefore denies said allegations and demands strict proof thereof.

43.     Shellpoint states that the newspaper publication referenced in paragraph 43 is a written document that speaks for itself.

44.     Shellpoint states that the newspaper publication referenced in paragraph 44 is a written document that speaks for itself.

45.     The allegations of paragraph 45 constitute legal conclusion to which no response is required.  To the extent a response is require, Shellpoint denies the allegations of paragraph 45 and demands strict proof thereof.

46.     Shellpoint states that the correspondence referenced in paragraph 46 is a written document that speaks for itself.

47.     Shellpoint states that the correspondence referenced in paragraph 47 is a written document that speaks for itself.

48.     Shellpoint states that the correspondence referenced in paragraph 48 is a written document that speaks for itself.

49.     Shellpoint states that the correspondence referenced in paragraph 49 is a written document that speaks for itself.

50.     Shellpoint states that the correspondence referenced in paragraph 50 is a written document that speaks for itself.

51.     Shellpoint denies the allegations of paragraph 51 and demands strict proof thereof.

52.     Shellpoint denies the allegations of paragraph 52 and demands strict proof thereof.

53.     Shellpoint denies the allegations of paragraph 53 and demands strict proof thereof.

54.     Shellpoint denies the allegations of paragraph 54 and demands strict proof thereof.

55.     Shellpoint denies the allegations of paragraph 55 and demands strict proof thereof.

56.    Shellpoint denies the allegations of paragraph 56 and demands strict proof thereof.

57.    The allegations of paragraph 57 constitute legal conclusion to which no response is required.  To the extent a response is require, Shellpoint denies the allegations of paragraph 57 and demands strict proof thereof.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

58.    Shellpoint denies the allegations of paragraph 58 and demands strict proof thereof.

59.    Shellpoint denies the allegations of paragraph 59 and demands strict proof thereof.

60.    Shellpoint denies the allegations of paragraph 60 and demands strict proof thereof.

61.    Shellpoint denies the allegations of paragraph 61 and demands strict proof thereof.

62.    Shellpoint denies the allegations of paragraph 62 and demands strict proof thereof.

63.    Shellpoint denies the allegations of paragraph 63 and demands strict proof thereof.

64.     Shellpoint denies the allegations of paragraph 64 and demands strict proof thereof.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

65.     The allegations of paragraph 65 constitute legal conclusion to which no response is required.  To the extent a response is require, Shellpoint denies the allegations of paragraph 65 and demands strict proof thereof.

66.     The allegations of paragraph 66 constitute legal conclusion to which no response is required.  To the extent a response is require, Shellpoint denies the allegations of paragraph 66 and demands strict proof thereof.

67.     The allegations of paragraph 67 constitute legal conclusion to which no response is required.  To the extent a response is require, Shellpoint denies the allegations of paragraph 67 and demands strict proof thereof.

68.     Shellpoint denies the allegations of paragraph 68 and demands strict proof thereof.

69.     Shellpoint denies the allegations of paragraph 69 and demands strict proof thereof.

70.     Shellpoint denies the allegations of paragraph 70 and demands strict proof thereof.

71.    Shellpoint denies the allegations of paragraph 71 and demands strict proof thereof.

72.    Shellpoint denies the allegations of paragraph 72 and demands strict proof thereof.

73.    Shellpoint denies the allegations of paragraph 73 and demands strict proof thereof.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT/PROMISSORY ESTOPPEL/EQUITABLE

## ESTOPPEL

74.    Shellpoint denies the allegations of paragraph 74 and demands strict proof thereof.

75.    Shellpoint denies the allegations of paragraph 75 and demands strict proof thereof.

76.    Shellpoint denies the allegations of paragraph 76 and demands strict proof thereof.

77.    Shellpoint denies the allegations of paragraph 77 and demands strict proof thereof.

78.    Shellpoint denies the allegations of paragraph 78 and demands strict proof thereof.

79.    Shellpoint denies the allegations of paragraph 79 and demands strict proof thereof.

80.   Shellpoint denies the allegations of paragraph 80 and demands strict proof thereof.

81.   Shellpoint denies the allegations of paragraph 81 and demands strict proof thereof.

82.   Shellpoint denies the allegations of paragraph 82 and demands strict proof thereof.

## FOURTH CAUSE OF ACTION
## DEFAMATION

83.   Shellpoint denies the allegations of paragraph 83 and demands strict proof thereof.

84.   Shellpoint denies the allegations of paragraph 84 and demands strict proof thereof.

85.   Shellpoint denies the allegations of paragraph 85 and demands strict proof thereof.

## FIFTH CAUSE OF ACTION
## INVASION OF PRIVACY

86.   Shellpoint denies the allegations of paragraph 86 and demands strict proof thereof.

87.   Shellpoint denies the allegations of paragraph 87 and demands strict proof thereof.

88.     Shellpoint denies the allegations of paragraph 88 and demands strict proof thereof.

89.     Shellpoint denies the allegations of paragraph 89 and demands strict proof thereof.

<h2 style="text-align:center">SIXTH CAUSE OF ACTION<br>UNJUST ENRICHMENT</h2>

90.     Shellpoint denies the allegations of paragraph 90 and demands strict proof thereof.

91.     Shellpoint denies the allegations of paragraph 91 and demands strict proof thereof.

92.     Shellpoint denies the allegations of paragraph 92 and demands strict proof thereof.

93.     Shellpoint denies the allegations of paragraph 93 and demands strict proof thereof.

<h2 style="text-align:center">SEVENTH CAUSE OF ACTION<br>DECLARATORY AND INJUNCTIVE RELIEF</h2>

94.     Shellpoint denies the allegations of paragraph 94 and demands strict proof thereof.

95.     Shellpoint denies that Plaintiffs are entitled to the requested declarations.

96.     Shellpoint denies the allegations of paragraph 96 and demands strict proof thereof.

97.     The allegations of paragraph 97 constitute legal conclusion to which no response is required.

98.     Shellpoint denies that Plaintiffs are entitled to the requested relief.

In response to the WHEREFORE paragraph following paragraph 98, Shellpoint denies that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Shellpoint asserts the following additional defenses. Discovery and investigation of this case are not yet complete, and Shellpoint reserves the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate.   In further answer to the Complaint, and by way of additional defenses, Shellpoint avers as follows:

## FIRST DEFENSE

Some or all of Plaintiffs' allegations fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Shellpoint denies that Plaintiffs have been injured or damaged by Shellpoint and demands strict proof thereof.   Shellpoint further denies that Plaintiffs are

entitled to any of the relief sought in the Complaint.

### THIRD DEFENSE

Plaintiffs failed to mitigate their damages.

### FOURTH DEFENSE

Some or all of  Plaintiffs' claims are barred by the applicable statutes of limitations.

### FIFTH DEFENSE

Shellpoint pleads the defenses of laches, acquiescence, ratification, statute of frauds, repose, res judicata, waiver, set-off, illegality, fraud, parol evidence, payment, judicial estoppel, and collateral estoppel.

### SIXTH DEFENSE

Shellpoint did not breach any duty or obligation allegedly owed to Plaintiffs.

### SEVENTH DEFENSE

Plaintiffs lack standing to bring all or some of their claims.

### EIGHTH DEFENSE

The correspondence Plaintiffs sent did not constitute a Qualified Written Request, Notice of Error, or Request for Information as defined by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e).  To the extent that Plaintiffs' correspondence did constitute a Qualified Written Request, Notice of Error, or

Request for Information, Shellpoint properly responded pursuant to the Real Estate Settlement Procedures Act.

### NINTH DEFENSE

Plaintiffs' claims are barred because Shellpoint performed its obligations. Plaintiffs' claims are also barred because the Ratliffs failed to perform their obligations.

### TENTH DEFENSE

Shellpoint is not the proximate or actual cause of any damages suffered or incurred by Plaintiffs.

### ELEVENTH DEFENSE

Shellpoint pleads the defenses of release, and accord and satisfaction.

### TWELFTH DEFENSE

Some or all of the claims in the Complaint are barred by the statute of frauds.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the parol evidence rule.

### FOURTEENTH DEFENSE

Some or all of the claims asserted are barred by express written disclosures signed or received by Plaintiffs.

## FIFTEENTH DEFENSE

Some or all of the claims asserted are barred by the economic loss doctrine.

## SIXTEENTH DEFENSE

Plaintiffs' claims are, in whole or in part, preempted by applicable law.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred by the terms and conditions of the contracts that are the subject of this lawsuit.

## EIGHTEENTH DEFENSE

Shellpoint denies that it is guilty of any conduct entitling Plaintiffs to recover punitive damages.

## NINETEENTH DEFENSE

Plaintiffs' allegations, to the extent that they seek punitive or exemplary damages, violate Shellpoint's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Shellpoint's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fail to state a cause of action supporting the punitive or exemplary damages claimed.

**TWENTIETH DEFENSE**

Any award of punitive damages to Plaintiffs in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claim for punitive damages cannot be upheld based on all grounds set forth by the United States Supreme Court in *BMW v. Gore*, 116 S. Ct. 1589 (1996), wherein the Court determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims for punitive damages against Shellpoint cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and would violate Shellpoint's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such

an award would be improper under the common law and/or public policies of the State of Alabama.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred by their failure to do equity and the doctrine of unclean hands.

Dated this the 30th day of August, 2019.

/s/ Grant A. Premo
Brian Wahl
Grant A. Premo
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
bwahl@bradley.com
gpremo@bradley.com
COUNSEL FOR DEFENDANT NEWREZ LLC
D/B/A SHELLPOINT MORTGAGE SERVICING

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the PACER system, which will send notification of such filing to the following:

F. Inge Johnstone
Matt Carroll
JOHNSTONE CARROL LLC
One Independence Plaza Drive, Suite 520
Homewood, Alabama 35209


*/s/ Grant A. Premo*
OF COUNSEL