FILED

2019 Sep-10  AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DVISION

TIM AND DAPHNE TERRY,

      Plaintiffs,

v.

NEWREZ, LLC D/B/A SHELLPOINT
MORTGAGE SERVICING, and RUBIN
LUBLIN, LLC,

      Defendants.

Case No. 5:19-cv-01246-LCB

## RUBIN LUBLIN'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DIMSISS

COMES NOW, Rubin Lublin, LLC ("Rubin Lublin"), a Defendant in the above-styled civil action, and pursuant to Fed. R. Civ. P. 12(b)(6), files this Memorandum of Law in Support of its Motion to Dismiss. For the reasons set forth below, Rubin Lublin respectfully submits that Plaintiffs' Complaint has failed to state a claim against Rubin Lublin upon which relief may be granted.

## STATEMENT OF FACTS

This case is primarily a dispute over mortgage payments between the Plaintiffs and Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"). The property at issue is located at 532 County Road 796, Cullman, Alabama 35055 (the "Property"). [Doc. 1, ¶ 14]. According to the Plaintiffs, in

connection with their purchase of the Property, they obtained a mortgage loan from ABN AMRO Bank around 2002. [Doc. 1, ¶¶ 14-15]. Shellpoint is the current servicer of Plaintiffs' mortgage. *Id.* at ¶ 20.

The Plaintiffs previously filed for Chapter 13 bankruptcy and outline an alleged payment dispute between then and Shellpoint. In short, the Plaintiffs contend that they were current on their mortgage when they exited bankruptcy in March 2018, and Shellpoint says they were not. *See id.* at ¶¶ 24-34. Shellpoint allegedly stopped accepting the Plaintiffs' monthly mortgage payments in March and April 2018 "because Plaintiffs were more than ninety (90) days past-due in their post-petition payments and 'were not in active workout' with Shellpoint." *Id.* at ¶ 35.

On "November 2, 2018, Shellpoint sent correspondence to Plaintiffs' attorney claiming that Plaintiffs were in default and threatening to accelerate their mortgage." *Id.* at ¶ 40. Shellpoint then retained the firm of Rubin Lublin to conduct a non-judicial foreclosure, and "[o]n or about April 26, 2019, the law firm of Rubin Lublin sent a notice of acceleration and foreclosure by certified mail" and the Plaintiffs complain that this notice was "sent directly to [them] despite [Rubin Lublin's] knowledge that they were represented by counsel." *Id.* at ¶¶ 41-42. Thereafter, "Shellpoint and/or Rubin Lublin caused a notice to be published in The Cullman Times, a publication of general circulation in Cullman County, Alabama,

2

falsely asserting that Plaintiffs were in default on their mortgage and that Shellpoint would be foreclosing on the property." *Id.* at ¶ 43. As of this date, no foreclosure sale has taken place. *See* [Doc. 1-5] at p. 2 (letter from Shellpoint cancelling foreclosure sale).

Based on these allegations, the Plaintiffs bring the following claims against Rubin Lublin: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; (2) defamation; (3) invasion of privacy; and (4) declaratory and injunctive relief. However, the facts pleaded do not state a claim upon which relief can be granted and all claims against Rubin Lublin should be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

### A.   STANDARD OF REVIEW

This Court should dismiss a compliant pursuant to Fed. R. Civ. P. 12(b)(6) if it does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## B.   THE PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FDCPA

In the Plaintiffs' First Cause of Action, they allege that Rubin Lublin violated the FDCPA, specifically 15 U.S.C § 1692e, § 1692f, and § 1692c(2). [Doc. 1, ¶¶ 59, 60-62].

> To assert a claim under the FDCPA, a plaintiff must establish the following elements: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

*Swann v. Dynamic Recovery Sols., LLC*, No. 4:18-CV-1000-VEH, 2018 WL 6198997, at *3 (N.D. Ala. Nov. 28, 2018) (quoting *Buckentin v. Sun Trust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1294 (N.D. Ala. 2013)).

Under the FDCPA, a debt collector is liable for actual damages caused by the violation(s) of the FDCPA, and "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). The recovery of actual damages is not permitted unless a plaintiff sets forth sufficient allegations in their complaint supporting such damages. *Douglas v. Southstar Funding, LLC*, No. 1:18-CV-1802-MLB-JSA, 2018 WL 6136793, at *8 (N.D. Ga. Oct. 18, 2018) (citing *Emanuel v. Am. Credit Exch.*,

870 F.2d 805, 809 (2d Cir. 1989)) (citations omitted). On the other hand, statutory damages (which cannot exceed $1,000) can be recovered without a showing of actual damages. *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007). Here, the Plaintiffs have failed to state a claim because they have not properly alleged that Rubin Lublin is a debt collector and they have failed to show any substantive violations of the FDCPA.

### 1. *Rubin Lublin is not a debt collector*

To assert a claim under the FDCPA, a plaintiff "must plead 'factual content that allows the court to draw the reasonable inference that [Rubin Lublin] is a 'debt collector' under the FDCPA and therefore liable for the misconduct alleged." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312 (11th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678).

> The Act defines "debt collector" to mean "[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[3] § 1692a(6). The definition excludes several categories of persons, *see* § 1692a(6)(A)-(F) (listing excluded persons), including "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person," § 1692a(6)(F)(iii).

*Id.* at 1313. Further, "[f]or the purposes of section 1692f(6) of [the FDCPA], such term includes any person who uses any instrumentality of interstate commerce or

the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

Here, the Plaintiffs have failed to plead any facts to show that Rubin Lublin qualifies as a debt collector under the Act and set forth only three conclusory allegations in their attempt to show that Rubin Lublin is a debt collector:

> 11.    Rubin Lublin is a law firm engaged in the business of regularly collecting debts incurred, or alleged to be incurred, for personal, family, or household purposes on behalf of the owners of those debts.
> 12.    Rubin Lublin regularly attempts to collect on debts that are in default.
> 13.    Rubin Lublin is a 'debt collector' within the meaning of that term under 15 U.S.C. § 1692a(6).

[Doc. 1] at ¶¶ 11-13.

These are not facts, just conclusions, and therefore not entitled to be taken as true. *See Iqbal*, 556 U.S. at 678. There are no other facts in the Complaint which discuss Rubin Lublin's principal business purpose or its regular business activities. Further, the fact that the Complaint notes that Rubin Lublin was retained to commence this singular non-judicial foreclosure [Doc. 1, ¶ 41] does not show that its "*principal purpose* . . . is the enforcement of security interests" to make it a debt collector for purposes of section 1692f(6). *See* 15 U.S.C. § 1692a(6) (emphasis added). The Eleventh Circuit was clear when it said that a plaintiff must plead "factual content" in showing that a defendant is a debt collector. *Davidson*, 797

F.3d at 1312. The Plaintiffs have failed to do so and their FDCPA claim must be dismissed as to Rubin Lublin.

### 2. The Plaintiffs have failed to show that Rubin Lublin engaged in conduct prohibited by the FDCPA

Even if the Plaintiffs had shown that Rubin Lublin is a debt collector, they have still failed to show that Rubin Lublin engaged in any conduct prohibited by the FDCPA. Only three out of 57 paragraphs prior to the individual claims speak of any actions of Rubin Lublin:

> 41.    On or about April 26, 2019, the law firm of Rubin Lublin sent a notice of acceleration and foreclosure by certified mail. Rubin Lublin threatened to conduct a foreclosure sale of Plaintiffs' residence.
> 42.    Rubin Lublin mailed the notice directly to Plaintiffs despite its knowledge that they were represented by counsel.
> 43.    Thereafter, on multiple occasions, including but not limited to May 17, 2019, Shellpoint and/or Rubin Lublin caused a notice to be published in The Cullman Times, a publication of general circulation in Cullman Count, Alabama, falsely asserting that Plaintiffs were in default on their mortgage and that Shellpoint would not be foreclosing on the property.

[Doc. 1, ¶¶ 41-43].

Despite these limited allegations, the Plaintiffs made numerous conclusory allegations within their FDCPA claim that bear no almost connection to these three sentences:

> 58.    Defendants used false, deceptive, and misleading representations in an attempt to collect a purported debt from Plaintiff. Those misrepresentations include, but are not limited to: (1) that Plaintiffs were in arrears in their postpetition mortgage debt, (2) that

Plaintiffs were in arrears in their post-petition debts in the amount(s) claimed by Defendants, (3) that Plaintiffs were in default under their mortgage based on the failure to payoff their post-petition mortgage arrearage, (4) that Defendants were legally entitled to accelerate Plaintiffs' mortgage debt and/or foreclosure despite the fact any default was the result of Defendants' misrepresentations and/or other wrongful conduct, and/or (5) claiming that Plaintiffs had not made certain payments despite the fact those payments had been received by Defendant Shellpoint and were reflected in its records.

59.    The Defendants' conduct identified above violated the applicable provisions of the FDCPA, including 15 U.S.C. §1692e.

60.    Defendants used unfair and/or unconscionable means in an attempt to collect the alleged debt from Plaintiff. Defendants' unfair and/or unconscionable means include, but are not limited to: (1) attempting to collect a debt that was not owed, (2) attempting to collect an amount that was not owed, (3) refusing Plaintiffs' monthly mortgage payments based on false and inaccurate information and then using their improper refusal to accept those payments to purportedly accelerate the loan and attempt to foreclose on Plaintiffs' property, (4) failing to respond to Plaintiff when provided documentation explaining Defendant Shellpoint's error and instead attempting to accelerate the loan and foreclose, (5) publishing false and/or misleading information about Plaintiffs in their community, (6) threatening to take nonjudicial action to effect dispossession of property when there was no present right to possession of the property through an enforceable security interest, and/or (7) threatening to take nonjudicial action to effect dispossession of the property when the property is exempt by law from such dispossession.

61.    Defendant's conduct identified above violated the applicable provisions of the FDCPA, including 15 U.S.C. §1692f.

62. In addition to the foregoing, Defendant Rubin Lublin violated 15 U.S.C. §1692c(2) by contacting Plaintiffs directly in connection with its collection efforts when Defendants knew Plaintiffs were represented by counsel.

*Id.* at ¶¶ 58-62.

To begin with, Paragraphs 58 and 60 (claims under 15 U.S.C. §§1692e and 1692f) are the epitome of shotgun-style pleading in which a plaintiff is "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (collecting cases). Pleading in such a way can authorizes a court to dismiss "based on the district court's inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances [such as shotgun complaints] includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." *Id.* at 1320.

Here, the Plaintiffs have set forth a laundry list of allegations that they say applies equally to both Rubin Lublin and Shellpoint, yet the list seemingly relates only to factual allegations connected to Shellpoint, and not Rubin Lublin. For example, Paragraph 60 speaks of refusing the Plaintiffs' monthly mortgage payment and failing to respond to a letter requesting certain documentation. However, only Shellpoint is alleged to have rejected payments and only Shellpoint was sent a letter. This style of pleading does not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," *id.*, and Rubin Lublin does not know which of the allegations in these lists applies to it versus Shellpoint. Because the Plaintiffs have failed to comply with Rules

8(a)(2) and 10(b), this Court should exercise its inherent authority and dismiss the Plaintiffs' FDCPA claims under 15 U.S.C. §§1692e and 1692f.

With respect to the Plaintiffs' remaining claim under 15 U.S.C. §1692c(a)(2),[1] that must be dismissed under Rule 12(b)(6). Under this subsection,

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--**(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

There are no facts pleaded in the Complaint showing how Rubin Lublin would have had this knowledge. The Plaintiffs never say that Shellpoint notified Rubin Lublin that the Plaintiffs were represented by counsel or that it had knowledge through other means. Moreover, prior to Rubin Lublin sending the Plaintiffs a notice of acceleration and foreclosure on April 26, 2019, the only communication to Shellpoint from an attorney was nearly eleven months earlier, when the Plaintiffs' bankruptcy attorney sent a letter to Shellpoint about alleged payment application errors. *See* [Doc. 1, ¶ 36]. The Plaintiffs themselves admit that their bankruptcy case ended on March 6, 2018, *id.* at ¶ 31, and never alleged that

---

[1] The Complaint references 15 U.S.C. §1692c(2), but no such provision exists. The provision that the Plaintiffs are referring to appears to be 15 U.S.C. §1692c(a)(2).

this attorney continued to represent them on April 26, 2019. The lack of factual allegations showing that (1) the Plaintiffs were represented by an attorney (and who that was) on April 26, 2019, and (2) that Rubin Lublin had knowledge of this attorney's existence should result in this Court dismissing the claim under 15 U.S.C. §1692c(a)(2).

### 3.  *The Plaintiffs are not entitled to actual damages*

Lastly, even if Rubin Lublin was shown to be a debt collector and that it violated the FDCPA, the Plaintiffs have still failed to show that they have suffered any actual damages. Under the FDCPA, a debt collector is liable for actual damages caused by the violation(s) of the FDCPA, and "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). The recovery of actual damages is not permitted unless a plaintiff sets forth sufficient allegations in their complaint supporting such damages. *Douglas v. Southstar Funding, LLC*, No. 1:18-CV-1802-MLB-JSA, 2018 WL 6136792, at *8 (N.D. Ga. Oct. 18, 2018) (citing *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989)) (citations omitted). On the other hand, statutory damages (which cannot exceed $1,000) can be recovered without a showing of actual damages. *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007).

Here, the Plaintiffs have failed to plead any facts showing how they have been damaged by an FDCPA violation. They simply state that "[a]s a result of the defendants' violations of the FDCPA, Plaintiff has been damaged as described above. Plaintiff is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fee pursuant to the relevant provisions of the FDCPA." [Doc. 1, ¶ 64]. The damages "as described above" are contained in another conclusory laundry list devoid of any facts:

> Plaintiffs have been damaged as a result of Defendants' wrongful acts and omissions described above. Those damages include, but are not limited to, the invasion and interference with Plaintiffs' right to be free from abusive debt collection practices, causing Plaintiffs anger, anxiety, fear, and other mental anguish, various costs and expenses incurred as a result of or in response to the Defendants' wrongful acts, including costs, and being deprived of the financial fresh start they attempted to obtain through the successful completion of their Chapter 13 bankruptcy.

*Id.* at ¶ 56.

This paragraph presents nothing more than conclusions. In order to plead a claim for actual damages, they must set forth *facts*, specific to them, showing that they have suffered actual damages. They have failed to do so, and to the extent that the claim can proceed, the Plaintiffs must be limited to only statutory damages.

## C.   THE PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR DEFAMATION

The next claim against Rubin Lublin is the Fourth Cause of Action in the Complaint, for defamation. [Doc. 1, ¶¶ 83-85]. "There are two types of defamation:

libel, which involves the use of print media to publish the defamatory comment, and slander, which involves the oral expression of a defamatory comment." *Adams v. Bank of Am., N.A.*, 237 F. Supp. 3d 1189, 1202 (N.D. Ala. 2017), appeal dismissed sub nom. *Adams v. Bank of Am., NA*, 17-12172-FF, 2018 WL 2229331 (11th Cir. Mar. 15, 2018) (quoting *Blevins v. W.F. Barnes Corp.*, 768 So. 2d 386, 390 (Ala. Civ. App. 1999)). "Whether proceeding under a theory of libel or slander, the elements of a cause of action for defamation are the same: '1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.'" *Adams*, 237 F. Supp. 3d at 1202 (quoting *Wal–Mart Stores, Inc. v. Smitherman,* 872 So.2d 833, 840 (Ala. 2003)). "Special damages are the material harms that are the intended result or natural consequence of the [defamatory] statement . . . , and the general rule is that they are limited to 'material loss capable of being measured in money.'" *Jackson v. Bank of N.Y. Mellon*, No. 16-062-CG-M, 2016 WL 4942085, at *11 (S.D. Ala. July 19, 2016) (citations omitted).

In order to state a claim, a plaintiff "must provide facts supporting the assertion that the publication was made either (1) actionable irrespective of special

13

harm or (2) resulted in special harm." *Id.* "As opposed to slanderous statements, libelous statements are actionable *per se*, without a showing of special damages, 'if they directly tend to prejudice anyone in his office, profession, trade, or business, or in any lawful employment by which he may gain his livelihood.'" *Rice v. Seterus, Inc.*, No. 7:17-cv-00732-RDP, 2018 WL 513345, at *8 (N.D. Ala. Jan. 23, 2018) (quoting *Kelly v. Arrington*, 624 So.2d 546, 549 (Ala. 1993)).

Here, the Plaintiffs' claim fails for several reasons. First, they have not alleged in any respect that Rubin Lublin was at all negligent in publishing the notice of foreclosure. Second, the Plaintiffs have not alleged any facts showing that this is a case where libel per se can apply and have not set forth facts showing that they suffered any special damages. The Complaint only says that "Plaintiffs have been damaged as a result, including harm to his reputation among her peers and in his community [*sic*], with Plaintiff's employer, loss of potential business, and such other damages as described above." [Doc. 1] at ¶ 85. These are conclusions not entitled to be treated as true, and so are the "other damages as described above," which are those set forth in conclusory terms in Paragraph 56, as described herein. Because the Plaintiffs have failed to allege that Rubin Lublin was negligent, that the publication qualifies as libel per se, and failed to plead facts showing special damages, their defamation claim fails and should be dismissed.

**D.     THERE IS NO VIABLE CLAIM FOR INVASION OF PRIVACY**

The Fifth Cause of Action is titled "invasion of privacy" and focuses on the foreclosure advertisement that was published in The Cullman Times. "Under Alabama law, invasion of privacy in the context of a creditor's actions towards a debtor is 'the wrongful intrusion into one's private activities in such manner as to outrage our cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Erdberg v. Five Bros. Mortg. Co. Servs. & Securing, Inc.*, No. 2:16-CV-01880-SGC, 2019 WL 995888, at *7 (N.D. Ala. Mar. 1, 2019) (quoting *Liberty Loan Corp. of Gadsden v. Mizell,* 410 So. 2d 45, 47 (Ala. 1982)).   In   the mortgage servicing context, courts have only recognized this cause of action "for 'hounding the plaintiff,' [cit] . . . with 'repeated conduct equating deliberate harassment or systemic campaigns designed to vilify the debtor or expose him to public ridicule.'" *Id.* (citations omitted).

> "The mere effort ... to collect a debt cannot without more be considered a wrongful and actionable intrusion." *Norris v. Moskin Stores, Inc.*, 132 So. 2d 321, 323 (Ala. 1961). "[T]he Alabama Supreme Court has 'recognized the right of a creditor to take reasonable action to pursue a debtor and collect a debt.' " *Shuler v. Ingram & Assocs.,* 441 F. App'x 712, 720 (11th Cir. 2011) (quoting *Jacksonville State Bank v. Barnwell,* 481 So. 2d 863, 865 (Ala. 1985) ). Moreover, "efforts to collect a debt may be annoying, embarrassing, and upsetting without rising to the level of an invasion of privacy." *Leahey v. Franklin Collection Serv.*, 756 F. Supp. 2d 1322, 1327-28 (N.D. Ala. 2010).

*Id.* This is true even when the loan is not in default, as the Plaintiffs have alleged here. *See, e.g., Westbrook v. NASA Fed. Credit Union*, No. 3:17-cv-00534-AKK, 2018 WL 2065008, at *3 (N.D. Ala. May 3, 2018).

Here, the Plaintiffs have not alleged that they were hounded by Rubin Lublin and allege receiving only one letter and the publishing foreclosure advertisement. This is nothing more than the mere effort to collect a debt and is not actionable under Alabama law. Additionally, the Plaintiffs have again pleaded only conclusory statements in support of their damages. *See* [Doc. 1, ¶ 89]. They have failed in all respects to state a claim for invasion of privacy and the claim should be dismissed.

## E.     COUNT SEVEN IS NOT DIRECTED AT RUBIN LUBLIN

In the final claim in the Complaint, the Plaintiffs seek declaratory and injunctive relief concerning the status of their loan (i.e., whether it is in default). Although the caption of the claim says it is against all Defendants, the substance of the claim names only Shellpoint. In fact, the Plaintiffs make explicit requests for relief only as to Shellpoint. *See* [Doc. 1, ¶¶ 95, 97, 98]. This makes sense, as Shellpoint is the creditor against whom such relief is appropriate. Rubin Lublin would not be the appropriate party to litigate this claim and it should be dismissed from this action in its entirety.

## <u>CONCLUSION</u>

For the reasons stated above, Rubin Lublin respectfully requests that this Court Dismiss Plaintiffs' claims as to Rubin Lublin in their entirety.

Respectfully submitted, on September 10, 2019.

<div style="margin-left: 50%;">

*/s/ Timothy P. Pittman*

Timothy P. Pittman (ASB-0075-I51P)

**RUBIN LUBLIN, LLC**

200 Clinton Avenue West, Suite 406

Huntsville, AL 35801

Tel:   (678) 281-2972

Fax:   (404) 601-5095

tpittman@rubinlublin.com

*Attorney for Rubin Lublin, LLC*

</div>

17

## <u>CERTIFICATE OF SERVICE</u>

I, Timothy P. Pittman, certify that on September 10, 2019, a true and correct

copy of the foregoing was served upon all parties as follows via CM/ECF:

F. Inge Johnstone
Matt Carroll
**JOHNSTONE CARROLL LLC**
One Independence Plaza Drive, Suite 520
Homewood, Alabama 35209


*/s/ Timothy P. Pittman*
Timothy P. Pittman (ASB-0075-I51P)

18